JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01223-SSS-SPx | Date | March 16, 2023 |
|---|---|---|---|
| Title | *Louis C. Berreyes v. Southern California Gas Company, et al.* | | |

Present: The Honorable　　SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner(s):　　　Attorney(s) Present for Respondent(s):

None Present　　　　　　　　　　　　　None Present

**Proceedings:　ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. 18] (IN CHAMBERS)**

Before the Court is Plaintiff's motion to remand the action back to state court [Dkt. 18]. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

**I.　BACKGROUND**

On January 28, 2022, Plaintiff filed a proposed Class Action Complaint in the California Superior Court for the County of Stanislaus. [*See* Dkt. 1, Ex. B, "Class Action"]. Plaintiff's complaint alleges ten causes of action for (1) failure to pay minimum wages; (2) failure to pay overtime owed; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest breaks; (5) failure to timely pay wages due and payable during employment; (6) failure to timely pay wages owed at separation; (7) failure to reimburse necessary expenses; (8) failure to pay reporting time wages; (9) knowing and intentional failure to comply with itemized wage statement provisions; and (10) violations of the Unfair Competition Law. [Dkt. 1, Ex. B]. On April 19, 2022, Defendant filed a Notice of Removal of Civil Action to the Northern District of California pursuant to 29 U.S.C § 185 and 28 U.S.C. § 1441 on federal question grounds. [Dkt. 1]. Defendant claimed

removal was proper because Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and under 28 U.S.C. § 1367(a). On May 19, 2022, Plaintiff filed a remand of the Class Action complaint. [Dkt. 3].

On April 4, 2022, Plaintiff filed a PAGA representative action against Defendant in the Superior Court of California for the County of San Bernardino, Case No. CIVSB2207291. [*Louis C. Berreyes v. Southern California Gas Company et al.*, Central Dist. Case No. 2:22-cv-03707-SSS-KS, ("PAGA Action"), Dkt. 1, Ex. 1]. In the PAGA Action, Plaintiff seeks civil penalties for the same Labor Code violations alleged in the Class Action Complaint, as well as for Defendant's failure to: (1) pay reporting time pay; (2) provide suitable seating; and (3) keep accurate records. [*Id.*]. On July 22, 2022, Defendant filed a Notice of Removal of the PAGA Action to the Central District of California pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1441. [PAGA Action, Dkt. 1, Ex. 1].

On August 24, 2022, this Court granted the Parties' stipulation to consolidate the Class Action and PAGA Action for all purposes. [Dkt. 17]. Plaintiff now seeks to remand this consolidated action back to the California Superior Court for the County of San Bernardino.

## II.   LEGAL STANDARD

Federal question subject matter jurisdiction exists when claims are brought under a federal statute, 28 U.S.C. § 1331, such as the LMRA. However, if a district court finds at any time before final judgment that it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Although Plaintiff's claims arise from state law, if they are preempted by federal law, the claim becomes a federal claim and arises under federal law. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). In the Ninth Circuit courts engage in a two-prong analysis (the "*Burnside* test") when analyzing whether employment class action claims are preempted by the LMRA:

> [F]irst, [the test requires] an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement ("CBA")]. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there. . . . If, however, the right exists independently of the CBA, we must

still consider whether it is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." . . . If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

491 F.3d at 1059.

## III. DISCUSSION

### A. Burnside Test

As discussed below, under the *Burnside* test, Plaintiff's claims do not exist solely as a result of a collective bargaining agreement and are not substantially dependent on analysis of a CBA. Thus, remand is appropriate.

#### 1. Prong 1: Plaintiff's Claims Involve a Right Conferred Upon an Employee by Virtue of State Law, Not By a CBA

On the face of the complaint, all of Plaintiff's claims arise under California state law, namely the California Labor Code and IWC Wage Order, California Code of Regulations, and Business & Professions Code. [*See* Dkt. 1 at 15, ¶ 3]. Defendant argues, however, that Plaintiff and the putative class members are exempt from the California state laws which generally govern overtime compensation and meal periods, and Plaintiff's claims are instead governed by the CBA between the Parties. The Court disagrees.

##### i. Overtime wages under California Labor Code Section 514

Defendant contends, relying on *Sachs v. Pankow Operating, Inc.*, 2022 WL 489696 (C.D. Cal. Feb. 16, 2022), that the Court's analysis of the CBA's regular hourly rate of pay should only consider Plaintiff's rate of pay, rather than all employees covered by the CBA. [*See* Dkt. 19]. This question requires the Court to interpret Section 514.

As with any question involving statutory interpretation, the analysis begins with the language of the statute. *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009); *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). "There is of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *U.S. v. American Trucking Ass'ns*, U.S. 534, 535 (1940). When the language of a statute is clear on its face, it is the plain meaning of that language that controls. *Salazar*, 555 U.S. at 387;

*Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1750 (2020) ("when the meaning of the statute's terms is plain, our job is at an end").

The Court first considers the plain language of the statute:

> Sections 510 and 511 [of the Labor Code] do not apply to **an employee** covered by a valid collective bargaining agreement if the agreement expressly provides for the **wages, hours of work, and working conditions of the employees**, and **if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees** of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514 (emphasis added).

Other courts in the Ninth Circuit have addressed "whether Section 514 renders Section 510 inapplicable to individual plaintiffs who are subject to CBAs that do not meet the substantive requirements of Section 514, but who nevertheless themselves experienced working conditions that accord with Section 514's principles." *See Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791, 2019 WL 2563133, at *5 (N.D. Cal. June 21, 2019); *Sarmiento v. Sealy*, Inc., No. 18-CV-01990-JST, 2019 WL 3059932, at *7 (N.D. Cal. July 12, 2019).

As is true here, the *Huffman* court noted that "[n]either party has identified authority addressing this question." *Huffman*, 2019 WL 2563133, at *5; *Sarmiento*, 2019 WL 3059932, at *7 (citing *Huffman*). Both the *Huffman* and *Sarmiento* courts found the statute's plain language dispositive, reasoning as follows:

> First, it is clear that Section 514 exempts application of Section 510 to "an employee covered by a valid collective bargaining agreement" if certain conditions are met. *Id*. Here, Defendant is seeking to exempt application of Section 510 to Plaintiff—a covered employee. *See* [Dkt. 1].
>
> Second, the CBA must "expressly provide[] for the wages, hours of work, and working conditions of the employees." Cal. Lab. Code § 514. Although "the employees" is not explicitly defined, it stands in stark contradiction to the earlier reference to "an employee." The statute does not refer to "such employee" or "that employee," and instead refers to plural "employees." As such, the plain language of the statute indicates that the CBA must expressly

> provide for the wages, hours, and working conditions *of all employees* covered by the CBA.
>
> Third, the agreement must provide a premium rate for overtime for overtime and regular wages exceeding the state's minimum wage "for those employees." The plural term "those employees" refers back to the statute's earlier use of "the employees" which, as discussed above, means all employees covered by the CBA.

*Huffman*, 2019 WL 2563133, at *5-6; *Sarmiento*, 2019 WL 3059932, at *6-7 (citing *Huffman*).

    The Court agrees with the *Huffman* and *Sarmiento* courts' reading of the statute's plain language. Section 514's plain language makes clear that the CBA must comply with the requirements of Section 514 for all employees covered by the CBA, not just some. *Huffman,* 2019 WL 2563133, at *6 (citing *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014)); *Sarmiento,* 2019 WL 3059932, at *7*; Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019); *see, e.g.*, *Gunther v. N. Coast Coop., Inc.*, No. 20-CV-02325, 2020 WL 3394547, at *4 (N.D. Cal. June 19, 2020) ("This district has interpreted § 514 to require that a CBA must satisfy the Section's requirements with respect to all employees covered by the CBA."); *Rooney v. Save Mart Supermarkets*, No. 220CV00671, 2020 WL 3819481, at *3 (E.D. Cal. July 8, 2020) ("[T]he CBA does not meet Section 514's requirements because it does not meet the requirements with respect to all employees.").

    Even when, as here, a statute's meaning can clearly be discerned from its text, going beyond its text provides additional support for the above reading. *Even Zohar Constr. & Remodeling, Inc. v. Bellaire Townhouses, LLC.*, 61 Cal. 4th 830, 838 (2015). Where there is existing or substantially changed language in a statute, courts can generally infer the Legislature's intent to maintain or alter the law. *See e.g.*, *Robert F. Kennedy Med. Ctr. V. Belshe*, 13 Cal. 4th 748, 759 (1996) ("[R]enactment of a provision which has a meaning well established by administrative construction is persuasive that the intent was to continue the same construction previously recognized and applied."); *Palos Verdes Faculty Ass'n v. Palos Verdes Peninsula Unified Sch. Dist.*, 21 Cal. 3d 650, 659 (1978) ("when substantial changes are made in statutory language it is usually inferred that the law makers intended to alter the law in those particulars affected by such changes").

As the *Sarmiento* court noted, the 1999 Restoration Act codified the wage orders' version of the exemption, which had required that the "agreement provide[] premium wage rates for overtime work and a cash wage rate for *such employee* of not less than one dollar ($1.00) per hour more than the minimum wage." Wage Order 6-8 § 3(F); *Sarmiento*, 2019 WL 3059932, at *8 (emphasis in original). Because the Legislature adopted a plural construction instead of using the original language in the wage order's version of the exemption, it is reasonable to infer that the Legislature intended a different meaning.

Moreover, consideration of the consequences of Defendant's interpretation and its impact on public policy reinforces the Court's conclusion. *Even Zohar*, 61 Cal. 4th at 838. As the *Huffman* court identified, "Section 514 concerns the merits of the agreement itself, not its treatment of any individual employee." *Huffman*, 2019 WL 2563133, at *6. Indeed, Section 514 is designed to allow the employers and unions to choose between adopting certain default standards contained in the California Labor Code or bargaining for alternative arrangements. *See Curtis*, 913 F.3d at 1154–55; *Vranish*, 223 Cal. App. 4th at 111–12. If Section 514 were to turn on an individual employee's regular rate of pay, the validity of those alternative arrangements may fluctuate from employee to employee, and possibly from pay period to pay period—even for the same employee. Such inconsistency would result in inefficiency; employees would face the prospect of having to concurrently pursue—and employers of having to concurrently defend—claims in parallel forums based on the same conduct for overlapping periods.

Lastly, the California Supreme Court has repeatedly emphasized that courts should "liberally construe the Labor Code and wage orders to favor the protection of employees." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 839 (2018) (quoting *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 262 (2016), *as modified on denial of reh'g* (Mar. 15, 2017)). Among the goals of California's overtime statue, is protecting employees in a relatively weak bargaining position from "the evils associated with overwork." *See Bernstein v. Virgin America, Inc.*, 3 F.4th 1127, 1137 (9th Cir. 2021), *certiorari denied* 142 S. Ct. 2903. As such, Section 514 must be interpreted to *all employees* covered by the CBA to ensure all employees are in fair bargaining positions. Even in the absence of these background principles, the plain language of the statute is enough to support the conclusion that the CBA protects *all covered employees* in the manner required by Section 514.

Here, the CBAs between Plaintiff and Defendant do not meet the requirements of Section 514 as to all employees because in each agreement, there are at least some employees whose hourly rates are not at least 30% above California's minimum wage. *See* Cal. Labor Code § 514. For example, the CBA sets the hour wage for "Meter Readers" at $15.41 in 2019, $15.87 in 2020, and $16.35 in 2021. [*See* Dkt. 1-4 at 256]. California's minimum wage for employers with more than 26 employees, such as Defendant, was $12.00 in 2019, $13.00 in 2020, and $14.00 in 2021.[1] As such, the CBA wage rates for "Meter Readers" were only approximately 16–28% above California's minimum wage. Because the CBAs did not meet all the requirements of Section 514 for all employees, the CBAs do not control payment of Plaintiff's overtime wages. Plaintiff's claims regarding overtime wages thus do not exist solely as a result of the CBAs.

### ii. Meal and rest periods under California Labor Code Section 512(e)

Similarly, under California Labor Code Section 512(e), a valid CBA controls meal and rest periods if it "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30% more than the state minimum wage rate." Similar to Section 514, Section 512(e) also requires that a valid CBA meets its requirements with respect to all employees, and not just some. *See Gunther v. N. Coast Coop., Inc.*, No. 20-CV-02325, 2020 WL 3394547, at *7 (N.D. Cal. June 19, 2020).

As discussed above with respect to Section 514, the CBAs in this case do not meet the requirements of Section 512 because there are at least some employees whose wage rates are not at least 30% more than the California minimum wage. Thus, the Plaintiff's meal and rest period claims are not governed by the CBA nor exist solely as a result of it.

---

[1] State of California, Department of Industrial Relations, *Minimum Wage Frequently Asked Questions* (Dec. 2022), https://www.dir.ca.gov/dlse/faq_minimumwage.htm.

### 2. Prong 2: Plaintiff's Claims Are Not Substantially Dependent On Analysis of a CBA

With regard to the second prong of the *Burnside* analysis, Defendant fails to address whether Plaintiff's claims depend on an analysis of the CBA. Defendant must explain "why interpretation, as opposed to mere reference to the CBA, is necessary." *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. Jan. 21, 2020). Because Defendant has not identified provisions of the CBA that require interpretation, they have failed prong 2 of the *Burnside* test. *See Huffman*, 2019 WL 2563133, at *8.

Accordingly, Plaintiff and the putative class are not exempted employees under Labor Code Sections 514 and 512, and their claims are not preempted by the LMRA. The Court thus does not have federal question subject matter jurisdiction over the overtime and meal and rest period claims in this case.

### B. Supplemental Jurisdiction

Because the Court concludes there is no federal question subject matter jurisdiction here, the Court necessarily does not have supplemental jurisdiction over Plaintiff's remaining claims. *See* 28 U.S.C. § 1367.

### C. Additional Arguments

Defendant, in opposition to Plaintiff's motion to remand, argues the motion should be denied solely because Plaintiff's counsel did not meet and confer pursuant to Local Rule 7-3 before filing the motion. *See* [Dkt. 19 at 3]. Defendant contends Plaintiff's motion contains a "new argument" not briefed in the prior motion for remand. [*Id.*]. Specifically, Defendant argues Plaintiff's counsel initiated a conference one day before the motion was filed. [*Id.*].

Local Rule 7-3 requires counsel to engage in a pre-filing conference "at least seven (7) days prior to the filing of the motion." L.R. 7-3. However, failure to comply with the Local Rules does not automatically require the denial of a party's motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *See Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912 (C.D. Cal., Apr. 2, 2013).

Here, Plaintiff originally filed the same motion for remand in the Eastern District Court prior to transfer and consolidation. [*See* Dkt. 3]. Plaintiff contacted Defendant one day before re-filing the motion. [*See* Dkt. 20-1 at 2, ¶2]. Plaintiff

confirmed that the substance of the motion was the same with the addition that the Court should not exercise supplemental jurisdiction over the PAGA cause of action. [Dkt. 20-1, Ex. 1]. Moreover, Defendant does not argue that Plaintiff's violation of Local Rule 7-3 caused him prejudice. [*See* Dkt. 19 at 3]. Because Defendant suffered no real prejudice as result of the late conference, the Court's consideration on the merits is appropriate.

## IV.  CONCLUSION

For the reasons above, it **GRANTS** Plaintiff's motion and **REMANDS** the case back to the California Superior Court for the County of San Bernardino. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**